

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6047
RRANSOM@SIDLEY.COM


August 2, 2022


Hon. Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moyniham United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Jackpocket, Inc. v. Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited d/b/a Jackpot.com, Lottomatrix Malta Limited, and 99Dynamics Limited*, 22-cv-05772 (LJL) (S.D.N.Y.)

Dear Judge Liman:

      We represent Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited, Lottomatrix Malta Limited, and 99Dynamics Limited (collectively, "Defendants") in the above-captioned action. Defendants respectfully write to request leave to file under seal, pursuant to Section 2(H) of Your Honor's Individual Practices in Civil Cases, and S.D.N.Y. Electronic Filing Rules and Instructions, certain documents and information in connection with Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

      The documents and information proposed to be filed under seal were exchanged in the context of business negotiations between Plaintiff Jackpocket, Inc. ("Plaintiff") and Defendants, and reflect sensitive nonpublic proprietary and financial information of one or the other of the parties. In particular, the documents and information reflect (i) Defendant's internal structure and detailed financial information, which Defendants treat as proprietary and confidential; and (ii) information about Plaintiff's consideration and valuation of a merger with or acquisition of Defendants and/or third parties, which information Plaintiff maintains is proprietary and confidential.

      In determining whether to seal a document, a court should balance various competing interests, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States of Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In performing this analysis, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Honorable Lewis J. Liman
Page 2

documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Where the presumption of public access is outweighed by privacy interests, courts routinely grant requests to seal. *Lugosch*, 435 F.3d at 119; *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting leave to file under seal "emails revealing confidential negotiations between [plaintiff] and one of its customers"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (concluding redactions that "relate to confidential business [i]nformation regarding [defendant], a closed business, which implicates legitimate privacy interests," were "proper"); *New York v. Actavis, PLC*, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Internal documents and unpublished drafts that contain non-public strategies and financial information constitute 'confidential commercial information' under Federal Rule 26(c)(1)(g).").

Courts in the Second Circuit have consistently held that protecting sensitive business information is a "higher value" that outweighs the presumption of public access. *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13CV2581(PKC) (JLC), 2021 WL 4135007, at *3–4 (S.D.N.Y. Sept. 10, 2021) (collecting cases). Accordingly, courts routinely find that good cause exists to seal the type of commercial and proprietary information described above. *See, e.g., Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) ("[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information."); *Breaking Glass Pictures, LLC v. Sal Franciosa Prods., LLC*, No. 20-CV-4304 (RA), 2020 WL 3318050, at *2 (S.D.N.Y. June 18, 2020) (sealing parties' agreement because it contained "sensitive commercial information" that was "of limited relevance to the dispute before the Court").

Accordingly, Defendants respectfully request approval to redact portions of exhibits to the Opposition, as well as confidential information reflected in supporting declarations and the Opposition itself, because they reflect the confidential business information of one of the parties. Defendants will publicly filed a redacted version of the Exhibits, declarations and Opposition; an unredacted version of the those documents, with redactions highlighted, will be filed under seal. We have conferred with Plaintiff on August 1, 2022 and it will not oppose this request to file under seal.

Respectfully submitted,

Rollin A. Ransom