UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
JACKPOCKET, INC., :
:
                Plaintiff, :
: 22-cv-5772 (LJL)
   -v- :
: ORDER
:
LOTTOMATRIX NY LLC, *et al.*, :
:
                Defendants. :
:
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/8/2022
```

LEWIS J. LIMAN, United States District Judge:

      The motion for limited expedited discovery is granted. Defendants have established good cause based on the entirety of the record and that the request is reasonable in light of surrounding circumstances. *See In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (citing *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)). Although the change of counsel does not establish good cause, the Court finds that limited expedited discovery "would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Id.* at *2 (quoting *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998)). Moreover, Defendants did not act with undue delay. They substituted counsel within several weeks of the conference at which the Court set the date for the hearing on the motion for preliminary injunction, and that counsel promptly alerted Plaintiff to its intent to request expedited discovery, and then, when the parties were unable to reach agreement, raised the issue with the Court. Any prejudice to Plaintiff in the form of it having made plans for Mr. Sullivan to travel abroad in reliance on the expectation that there would be no discovery and in having to produce documents and prepare for depositions is not sufficient to justify denying the request for expedited discovery. In any event, any such prejudice can be addressed in meet-and-confers by the parties and by having witnesses testify remotely. To that end, and also because the Court will permit Plaintiff to take expedited discovery of Defendants, the parties are ordered to meet and confer and to submit to the Court no later than September 14, 2022, a proposed schedule for the expedited discovery, including the dates for the depositions of declarants such that prehearing briefs are due no later than the night of October 9, 2022.

      The Court will also convert the oral argument currently scheduled for October 11, 2022 to an evidentiary hearing. If Plaintiff is concerned about the difficulties that date poses for the availability of its witnesses, the proper course of action is for Plaintiff to seek an adjournment.

This Order is without prejudice to the right of any party to move alternatively for a protective order on grounds that a particular request is burdensome or otherwise improper or to move to compel. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 76 and 77.

SO ORDERED.

Dated: September 8, 2022
      New York, New York

                                                 LEWIS J. LIMAN
                                     United States District Judge