

DOUGLAS A. RETTEW
202.408.4161
doug.rettew@finnegan.com

October 13, 2022

**VIA ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Jackpocket, Inc. v. Lottomatrix NY LLC et al*. 22-cv-05772 (LJL)
              Joint Letter Motion to Seal Portions of the October 11, 2022
              Preliminary Injunction Transcript

Dear Judge Liman:

      Pursuant to Your Honor's request, the Parties jointly submit this letter motion respectfully requesting that the Court seal portions of the October 11, 2022 preliminary injunction hearing transcript ("October 11, 2022 Hearing Tr.").

**I.**      **Jackpocket's Requests to Seal**

      Jackpocket respectfully requests a narrow order sealing the following portions of the October 11, 2022 Hearing Tr. because they contain testimony related to: (1) the Parties' business information; (2) Jackpocket's relationships with regulators; (3) Jackpocket's confidential financial information, including advertising expenditures; and (4) the Parties' business negotiations. For example, the Parties' business information includes information regarding the purchase of jackpocket.com, Jackpocket's branding guidelines, Jackpocket's confidential business plans, Jackpocket's operations, keywords Jackpocket bids on and how much Jackpocket spends on those keywords, Jackpocket's internal strategy, and sponsorship negotiations.

      This Court routinely permits parties to file documents containing sensitive business information under seal. *See, e.g.*, *Girl Scouts of U.S. v. Boy Scouts of Am.*, No. 18-cv-10287, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted . . . [and] sealed pursuant to the protective order"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "[plaintiff's] (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new

Hon. Lewis J. Liman
Page 2

products"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents because they contained, among other things "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products" and "engineering and business trade secrets which could be used adversely by competitors"). This Court also regularly seals trade secret information. *See, e.g.*, *Julian v. MetLife, Inc.*, No. 17-cv-957, 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) ("[C]ourts have long recognized the protection of trade secrets as a justification for limiting public access to judicial documents." (quoting *Sylvania v. Ledvance LLC*, No. 20-CV-9858, 2021 WL 412241, at *2 (S.D.N.Y. Feb. 5, 2021)).

Jackpocket therefore respectfully requests that the following parts of the October 11, 2022 Hearing Tr. be sealed because the testimony pertains to Jackpocket's highly sensitive and confidential business information, which Jackpocket takes step to keep private and confidential (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket:

- October 11, 2022 Hearing Tr. 9:18-22
- October 11, 2022 Hearing Tr. 13:14-15
- October 11, 2022 Hearing Tr. 15:1
- October 11, 2022 Hearing Tr. 15:4-5
- October 11, 2022 Hearing Tr. 15:7-12
- October 11, 2022 Hearing Tr. 16:7-8
- October 11, 2022 Hearing Tr. 17:3-5
- October 11, 2022 Hearing Tr. 27:17-28:9
- October 11, 2022 Hearing Tr. 34:5-21
- October 11, 2022 Hearing Tr. 36:14-38:9
- October 11, 2022 Hearing Tr. 38:21-39:1
- October 11, 2022 Hearing Tr. 47:6-20
- October 11, 2022 Hearing Tr. 48:11-23
- October 11, 2022 Hearing Tr. 49:5-10
- October 11, 2022 Hearing Tr. 49:14-19
- October 11, 2022 Hearing Tr. 50:8-18
- October 11, 2022 Hearing Tr. 51:2-9
- October 11, 2022 Hearing Tr. 57:15-22
- October 11, 2022 Hearing Tr. 71:12-72:19
- October 11, 2022 Hearing Tr. 111:6-9
- October 11, 2022 Hearing Tr. 111:14-16
- October 11, 2022 Hearing Tr. 112:5-22
- October 11, 2022 Hearing Tr. 157:10-158:25

Hon. Lewis J. Liman
Page 3

- October 11, 2022 Hearing Tr. 179:12-22

Jackpocket respectfully requests that the following parts of the October 11, 2022 Hearing Tr. be sealed because the testimony pertains to Jackpocket's internal relationships with regulators. Jackpocket has not disclosed this information publicly. This information is highly sensitive and Jackpocket takes step to maintain it as confidential. The disclosure of this information would place Jackpocket at a competitive disadvantage with competitors if used by competitors and/or business partners to leverage against Jackpocket. Moreover, the disclosure of this information could tarnish Jackpocket's relationships with the regulators, who are central to the operation of Jackpocket's business.

- October 11, 2022 Hearing Tr. 155:7-25
- October 11, 2022 Hearing Tr. 156:1-25
- October 11, 2022 Hearing Tr. 157:1-9
- October 11, 2022 Hearing Tr. 159:1-160:3
- October 11, 2022 Hearing Tr. 178:2-24

Jackpocket respectfully requests that the following parts of the October 11, 2022 Hearing Tr. be sealed because the information pertains to Jackpocket's confidential financial information. Jackpocket has not disclosed this information publicly. This information is useful in Jackpocket's business to maintain business operations. Jackpocket takes steps to keep this sensitive financial information private and confidential, and the disclosure of this information would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket's business.

- October 11, 2022 Hearing Tr. 181:2-11

Jackpocket respectfully requests the following parts of the October 11, 2022 Hearing Tr. be sealed because the testimony pertains to the parties' business negotiations. Jackpocket has not disclosed this information publicly. The disclosure of this information would place Jackpocket at a competitive disadvantage by revealing Jackpocket's confidential internal business discussions about a merger and acquisition and could place Jackpocket at a disadvantage in future merger and acquisition discussions by revealing Jackpocket's strategy, interests, and disinterests when it comes to a merger and acquisition.

- October 11, 2022 Hearing Tr. 120:19-25
- October 11, 2022 Hearing Tr. 121:1-25
- October 11, 2022 Hearing Tr. 122:1-4
- October 11, 2022 Hearing Tr. 122:10-23
- October 11, 2022 Hearing Tr. 123:7-25
- October 11, 2022 Hearing Tr. 124:1-9
- October 11, 2022 Hearing Tr. 124:24-25
- October 11, 2022 Hearing Tr. 125:1-16
- October 11, 2022 Hearing Tr. 125:22-25

Hon. Lewis J. Liman
Page 4

- October 11, 2022 Hearing Tr. 126:3-25
- October 11, 2022 Hearing Tr. 127:1-131:10
- October 11, 2022 Hearing Tr. 131:12-134:18
- October 11, 2022 Hearing Tr. 135:4-136:5
- October 11, 2022 Hearing Tr. 136:14-137:5
- October 11, 2022 Hearing Tr. 137:8-18
- October 11, 2022 Hearing Tr. 137:20-138:6
- October 11, 2022 Hearing Tr. 151:10-16
- October 11, 2022 Hearing Tr. 151:21-152:3
- October 11, 2022 Hearing Tr. 152:7-11
- October 11, 2022 Hearing Tr. 153:10-25
- October 11, 2022 Hearing Tr. 160:4-161:22
- October 11, 2022 Hearing Tr. 162:2-163:9
- October 11, 2022 Hearing Tr. 166:16-167:11
- October 11, 2022 Hearing Tr. 175:4-176:12
- October 11, 2022 Hearing Tr. 179: 5-11

In light of the foregoing, Jackpocket respectfully requests that the Court grant its narrowly tailored motion to seal.

## II.    Defendants' Requests to Seal

Defendants 99Dynamics Limited, Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited, and Lottomatrix Malta Limited (collectively "Jackpot.com") respectfully request a narrow order sealing the portions of the October 11, 2022 Hearing Tr. identified below because they contain testimony concerning or describing: (1) Jackpot.com's confidential and/or proprietary, non-public financials, business information, and strategies; (2) the names and/or identities of non-party counterparties with whom Jackpot.com has entered into commercially sensitive sponsorship or other contracts which have not been made public; and (3) the names and/or personal identifying information of non-party individuals and consumers.

This Court permits parties to preserve competitively sensitive business information by filing it under seal. *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Further, this court routinely grants requests to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in

protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Girl Scouts of U.S. v. Boy Scouts of Am.*, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted … [and] sealed pursuant to the protective order"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents because they contained, among other things "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products" and "engineering and business trade secrets which could be used adversely by competitors").

Jackpot.com respectfully submits that the following portions of the October 11, 2022 Hearing Transcript should remain under seal because they meet this standard:

A. **Jackpot.com's confidential and/or proprietary, non-public financials, business information, and strategies.** Jackpot.com requests the following portions of the transcript be sealed, because the transcript describes or identifies Jackpot.com's highly sensitive and confidential financials, business information, and strategies, which Jackpot.com takes efforts to keep private and confidential (and has not revealed publicly), and the public disclosure of which would place Jackpot.com at a competitive disadvantage if used by competitors and/or business partners:

- Tr: 141:15-18, 20-22
- Tr. 142:1, 5-7, 9-10, 13, 20, 23, 24
- Tr. 143:6, 10-11, 15-17, 20
- Tr. 145:6
- Tr. 147:2-3, 13-14, 17-20, 22
- Tr. 148:14-18, 19-21, 23-24
- Tr. 160:7, 15
- Tr. 161:8
- Tr. 176:15, 24
- Tr. 193:18, 21
- Tr. 196:19, 21, 25

- Tr. 197:14, 19, 21
- Tr. 198:1-3, 8, 20, 23
- Tr. 202:14, 17-24
- Tr. 203:9, 17, 19, 23
- Tr. 204:2, 8, 12, 19
- Tr. 205:2, 18
- Tr. 221:13-15, 18-19, 21
- Tr. 222:3, 11, 14-17
- Tr. 269:24

B. **The names and/or identities of non-party counterparties with whom Jackpot.com has entered into commercially sensitive sponsorship or other contracts which have not been made public.** Jackpot.com requests the following portions of the transcript be sealed, because the transcript describes or identifies Jackpot.com's highly sensitive and confidential business information and partnerships with third parties, which Jackpot.com and those third parties have kept private and confidential (and not revealed publicly), and the public disclosure of which would place Jackpot.com and the third party at a competitive disadvantage if used by competitors and/or business partners

- Tr. 160:8, 16, 20-21
- Tr. 161:8-9, 16
- Tr. 162:3, 9, 21
- Tr. 179:12, 15-19, 23-25
- Tr. 218:1, 4, 6, 17-19, 21
- Tr. 219:2-4

C. **The names and/or personal identifying information of non-party individuals.** Jackpot.com requests the following portions of the transcript be sealed, because the transcript identifies non-party individuals and consumers by name and/or contains other personal identifying information:

- Tr. 241:8, 10, 15, 23
- Tr. 242:2, 10, 12, 21
- Tr. 242:1, 4, 8, 14 , 16, 24
- Tr. 244:2, 13-14, 20
- Tr. 245:1, 6, 9, 14, 20
- Tr. 246:4-7, 11, 17, 21
- Tr. 247:1, 5, 7, 10, 17-19, 24
- Tr. 248:6, 11, 15, 22
- Tr. 249:11-14

Hon. Lewis J. Liman
Page 7

- Tr. 250:5, 8, 12, 15, 19, 23
- Tr. 251:10, 16, 24-25
- Tr. 252:4, 17, 22
- Tr. 253:3, 12, 18, 21
- Tr. 254:1, 18, 22
- Tr. 255:1, 14, 17, 22, 25
- Tr. 257:6, 13, 24
- Tr. 258:3, 7, 22
- Tr. 259:11, 14, 18
- Tr. 260:4-5, 10, 14, 22-23
- Tr. 261:1, 3, 12, 17, 20
- Tr. 262:3, 6
- Tr. 264:14
- Tr. 265:25
- Tr. 266:17, 24
- Tr. 273:10

For the reasons set forth above, Jackpot.com respectfully requests that the Court grant its request to seal the lines of the October 11 Hearing Transcript set forth above.

**III.   Corrections to Exhibits Referenced in the October 11, 2022 Hearing Tr.**

The parties have conferred and have identified the following corrections that should be made to the October 11, 2022 Hearing Tr. as it pertains to exhibits that were introduced during the hearing.

- The exhibit referenced as DX 105 at 137:19 of the October 11, 2022 Hearing Tr. should be DX 015.

- The exhibit referenced as Ron Trial Exhibit 25 at 242:24 of the October 11, 2022 Hearing Tr. should be Ron Trial Exhibit 26.

- The exhibit referenced as Ron Trial Exhibit 27 at 243:14 of the October 11, 2022 Hearing Tr. should be Ron Trial Exhibit 28.

Hon. Lewis J. Liman
Page 8

Respectfully submitted,

| | |
|---|---|
| */s/Douglas A. Rettew* | */s/Rachel E. Epstein* |
| Douglas A. Rettew (*pro hac vice*) | Rachel E. Epstein |
| Danny Awdeh (*pro hac vice*) | Tai H. Park |
| Mary Kate Brennan | Todd Anten |
| Patrick Rodgers (*pro hac vice*) | Donald J. Reinhard, II |
| Troy Viger (*pro hac vice*) | Carey R. Ramos |
| **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** | Dylan I. Scher |
| 901 New York Avenue, NW | Claudia T. Bogdanos |
| Washington, DC 20001-4413 | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| Tel: (202) 408-4000 | 51 Madison Avenue |
| Fax: (202) 408-4400 | New York, NY 10010 |
| doug.rettew@finnegan.com | Tel: (212) 849-7000 |
| danny.awdeh@finnegan.com | Fax: (212) 849-7100 |
| marykate.brennan@finnegan.com | rachelepstein@quinnemanuel.com |
| patrick.rogers@finnegan.com | taipark@quinnemanuel.com |
| troy.viger@finnegan.com | toddanten@quinnemanuel.com |
| | donaldreinhard@quinnemanuel.com |
| Amy Sullivan Cahill | careyramos@quinnemanuel.com |
| **STEPTOE & JOHNSON PLLC** | dylanscher@quinnemanuel.com |
| 700 N. Hurstbourne Parkway, Suite 115 | claudiabogdanos@quinnemanuel.com |
| Louisville, Kentucky 40222 | |
| Tel: (502) 423-2054 | *Attorneys for Defendants Lottomatrix NY LLC; Lottomatrix Corporation; Lottomatrix Operations Limited d/b/a Jackpot.com; Lottomatrix Malta Limited; and 99Dynamics Limited* |
| Fax: (502) 423-2001 | |
| amy.cahill@steptoe-johnson.com | |
| | |
| *Attorneys for Plaintiff Jackpocket, Inc.* | |