**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7485**

WRITER'S EMAIL ADDRESS
**rachelepstein@quinnemanuel.com**

October 21, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
500 Pearl Street
New York, NY 10007

Re:      *Jackpocket, Inc. v. Lottomatrix NY LLC, et al.*, No. 22-cv-05772 (S.D.N.Y.)

Dear Judge Liman:

On behalf of Defendants in the above-captioned action, we write in response to Plaintiff's October 19, 2022 letter (Dkt. 100) regarding the Court's potential severing of aspects of this case that may be heard by bench trial from those that may require a jury trial (if any).

In its letter, Plaintiff does not object to the Court deciding its requests for a permanent injunction and accounting of profits in a bench trial on November 14, but purports to "reserve[] its right to request a jury trial on the claims appropriate for the jury, e.g., Jackpocket's request for monetary damages and the issues related thereto."  Plaintiff has not provided any evidentiary support for its conclusory demand for "monetary damages," and none exists.

As the Court noted at the end of the preliminary injunction hearing, Defendants have not yet launched their U.S.-based lottery courier services product under the JACKPOT mark, and Plaintiff has not identified any evidence to the contrary.  *See* Oct. 12 Hr'g Tr. 348:6-10 ("I didn't hear evidence that the defendant is planning to enter the market before the date of the trial on the permanent injunction, and if there is a real serious threat of that, there are ways I'm sure that the plaintiff can make that known to me.").[1]  By definition, Plaintiff cannot have suffered any

---

[1]  This is confirmed by Plaintiff's response to Defendants' interrogatory requesting that Plaintiff "describe in detail the injury (including any actual damages and any irreparable harm, if any, you have suffered and will suffer in the future as a result of Defendants' use of the JACKPOT designations" (capitalization omitted).  Plaintiff responded in relevant part: "Regarding actual damages, Jackpocket is entitled to obtain monetary relief, including but not limited to harm to Jackpocket's brand value and/or a reasonable royalty from Defendants for use of its infringing JACKPOT Marks."  Even assuming for the sake of argument that such "harms" are recoverable forms of actual damages (which Defendants dispute), Plaintiff's response concedes that such harm would be based only on Defendants' "infringing" use of the marks in connection with lottery courier services in the U.S.

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES |
MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE |
SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

"monetary damages" stemming from Defendants' use of the JACKPOT mark in connection with lottery courier services in the U.S. because Defendants have not launched their service in the U.S.[2]

Because all relief currently available to and sought by Plaintiff in this action is equitable in nature, no Seventh Amendment right to a jury trial has attached. *See, e.g.*, *Car Freshner Corp. v. Am. Covers, LLC*, 2021 WL 4502281, at *6 (N.D.N.Y. Sept. 30, 2021) (striking jury demand where plaintiff sought "injunctive relief, attorneys fees, costs, and [defendant's] profits"); *Eden Foods, Inc. v. Baksht*, 2015 WL 800240, at *2 (E.D.N.Y. Feb. 25, 2015) ("Claims for injunctive relief in trademark-infringement cases, such as the claims here, are equitable in nature and do not give rise to a right to trial by jury."); *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 2014 WL 185222, at *14 (S.D.N.Y. Jan. 16, 2014) (similar); *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 206-11 (S.D.N.Y. 2000) (federal and state infringement and dilution claims: equitable relief such as injunctive relief and disgorgement of defendant's profits does not give rise to right to jury trial); *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45 (S.D.N.Y. 1995) (striking jury demand: "for an accounting and disgorgement of profits [for Lanham Act and common law infringement], the law in the Second Circuit is clear that this is an equitable remedy," and same applies to "trebling of the profit award").

The Court, however, need not formally strike Plaintiff's jury demand at this time. Defendants understand that at the upcoming bench trial the Court will resolve on the merits all issues currently existing in the case (and thus need not address "monetary damages"). Defendants further understand that, by not objecting to the Court's "deciding" these issues by bench trial, Plaintiff does not object to the Court deciding whether Plaintiff has succeeded on the merits of its claims, as indeed, such determination is required for a ruling upon Plaintiff's equitable relief. *See, e.g.*, *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 272 (2d Cir. 2011) (permanent injunction first requires showing that "the party seeking the injunction has succeeded on the merits"). If the bench trial does not render the issue of "monetary damages" moot, the Court may later determine whether any issues remain to be tried by a jury.

Respectfully submitted,

Rachel E. Epstein

*Attorneys for Defendants*

---

[2]  By contrast, Defendants have made continuous use of its JACKPOT designations in the U.S. in connection with its website before Plaintiff even launched.  In this action, Plaintiff does not claim that such pre-existing use constitutes infringement—or seek relief for that use.