

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Abigail T. Reardon
Abigail.Reardon@us.dlapiper.com
T   917.753.0467

October 24, 2022

<u>Via ECF</u>

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *Jackpocket, Inc. v. Lottomatrix NY LLC et al.*, 22-cv-05772 (LJL)
       <u>Lotto.com's Letter-Motion to Intervene and Opposition to the
       Parties' Joint Letter-Motions to Seal Portions of the October 11
       and October 12, 2022, Preliminary Injunction Transcript</u>

Dear Judge Liman:

    This Firm represents Lotto.com, Inc. ("Lotto.com").  We write to request Lotto.com be permitted to intervene in the above-captioned action for the limited purpose of opposing in part Jackpocket, Inc. ("Jackpocket") and Jackpot.com's[1] joint letter motions to seal portions of the transcript from the hearing on Plaintiff's Preliminary Injunction motion on October 11 and October 12, 2022 (the "Hearing").  (Dkt. Nos. 98, 99).  We contacted counsel by e-mail on Friday asking for their consent and, at their request, agreed to defer filing until today so that they might have an opportunity to consult with their clients.   We emailed counsel again this morning and met and conferred this afternoon by phone.  Though no agreement was reached, the parties did agree to share the proposed redacted version of the transcript with us in the hope that our client's concerns might be resolved without the need for court intervention.

    In the interest of efficiency, we ask that Your Honor consider this letter as Lotto.com's position that the request to seal should be denied because the standards for overcoming the presumption of public access have not and cannot be met.  The Hearing elicited testimony under oath and was held in open court with members of the public, including a representative of our client and at least one member of the press  present.  An article by Matthew Russell Lee of the Inner City Press reporting on the Hearing is attached hereto as Exhibit A.[2]

---

[1] References to "Jackpot.com" include defendants 99Dynamics Limited, Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited, and Lottomatrix Malta Limited.

[2] *See* Matthew Russell Lee, *Jackpocket Sued Lottomatrix Now Seeking Injunction Says Courier Under Other Name OK*, INNER CITY PRESS (Oct. 11, 2022), http://www.innercitypress.com/sdny271limanjackpocketicp101122.html.



Specifically, Lotto.com opposes that part of the joint letter motion wherein Jackpocket requests that the Court seal testimony elicited on cross-examination of its main witness, which Jackpocket characterizes as relating to its "relationship with regulators" but which directly impacts Lotto.com.

## I.     Factual Background

Lotto.com is an online lottery courier service. Lotto.com runs a US digital platform that allows customers to order state lottery tickets on any device, then securely stores the purchased ticket on behalf of the customer. Lotto.com holds licenses as a lottery courier in New York and New Jersey, and also presently has lottery courier operations in Colorado and Texas.

An employee of Lotto.com along with a reporter from Inter City Press attended the Hearing on Jackpocket's preliminary injunction motion. We understand that, among other things, on cross-examination, Peter Sullivan, the founder and CEO of Jackpocket, testified that Lotto.com and Jackpocket are direct competitors. We understand that Mr. Sullivan confirmed under oath Jackpocket's successful attempt to prevent, delay, and completely frustrate Lotto.com's entry into Arkansas through inappropriate communications with state regulators with a file outlining reasons for denial of access to the market. Mr. Sullivan also testified that Jackpocket agents provided derogatory information to the Multi-State Lottery Association, a consortium of state lotteries who run multi-state games such as Powerball, presumably with similar attempts to interfere with Lotto.com's business. Mr. Sullivan confirmed Jackpocket's efforts to prevent Lotto.com from expanding into New York: after Jackpocket learned of Lotto.com's intention to place advertisements in New York, it delivered a dossier purporting to contain a list of alleged "bad acts" committed by Lotto.com to an attorney for the New York regulators.

## II.    Lotto.com Should be Permitted to Intervene

Rule 24 of the Federal Rules of Civil Procedure allows for the intervention of third parties either as a matter of right or upon permission from the court.

Permissive intervention under Fed. R. Civ. P. 24(b) is warranted here. Federal courts routinely permit members of the public to intervene in cases to challenge the sealing of judicial records. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* No. 14-CV-6867 (VEC), 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) ("[T]he right of access is widely shared among the press and the general public alike, such that anyone who seeks and is denied access to judicial records sustains an injury.") (citing *Public Citizen v. Doe*, 749 F.3d 246, 263 (4th Cir. 2016)). In *Coleman v. County of Suffolk*, the court granted a motion to intervene under Fed. R. Civ. P. 24(b) in order to allow the intervening party to oppose a pending motion to seal. 174 F. Supp. 3d 747, 754 (E.D.N.Y. 2016), *aff'd*, 685 F. App'x 69 (2d Cir. 2017). The court found that intervention was particularly appropriate in light of the pending motion that threated the public's right of



access to the documents in question.  *Id.*; s*ee also Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–27 (2d Cir. 2006) (permitting newspapers to intervene to secure access to documents filed under seal in connection with a motion for summary judgment).

### III.     The October 12, 2022, Preliminary Injunction Transcript Should Not Be Sealed

The best and most conclusive evidence of what was said in open court during the Hearing is the transcript.  Jackpocket now seeks to shield the transcript, and therefore the precise sworn testimony of its witness and its derogatory statements about Lotto.com, from the public and Lotto.com.  It does so by claiming that these statements to regulators are somehow "sensitive business information," which should be sealed.  Jackpocket's sealing request has nothing to do with "sensitive business information."  Instead, Jackpocket seeks to seal the transcript to hide evidence from its own mouth of its untoward efforts to stifle competition by Lotto.com.

We submit that the Court should conclude that, at least as to Lotto.com, there is there nothing confidential to seal.  The Hearing took place in open court.  Sworn testimony directly referencing Lotto.com was elicited and Lotto.com (along with a member of the press) heard it.

Further, Jackpocket cannot satisfy the standards for sealing under settled law. As this Court has held, "[t]here is a presumption of immediate public access to judicial documents under both the common law and the First Amendment." *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, No. 21-CV-11096 (LJL), 2022 WL 1265855, at *1 (S.D.N.Y. Apr. 28, 2022).  To determine whether a document should be permitted to be filed under seal, the court engages in a three-part test: (i) it must determine whether those documents should be classified as a "judicial document" such that it is afford the presumption of public access; (ii) if the record is a judicial document, it must determine how much weight to afford the presumption of access for the record at issue; and (iii) "once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'"  *Id*. (quoting *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022)).

There can be no dispute here that the Hearing transcript is a judicial document to which the right of public access attaches.  *See, e.g., Murphy v. Warden of Attica Corr. Facility*, No. 20-cv-03076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020); *Scott v. Graham*, No. 16-cv-02372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016).

The evidence adduced at the Hearing forms the basis for the Court's adjudication of Plaintiff's pending preliminary injunction motion.  The Court should afford significant weight to the presumptive right of access to the Hearing transcript.  *See Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022) ("[A]fford[ing] significant weight to the presumptive right of access because the judicial document at issue is a transcript of oral argument pertaining to discovery motions, and the information and arguments at the hearing were relevant to the Court's adjudication on the motions.").



Finally, Jackpocket has not demonstrated that there are competing considerations justifying its joint motion to seal. Jackpocket cites a number of cases for the proposition that this Court "routinely permits parties to file documents containing sensitive business information under seal." (Dkt. No. 98 at ECF 1–2). With respect, such information is neither Jackpocket's "business information" nor is it sensitive.

First, the transcript will establish that Jackpocket seeks to seal details of actions taken relating to Lotto.com's business, not its own.

Second, communications with regulators are not confidential in the first place. State officials are subject to sunshine laws across the United States, including in the specific jurisdictions referenced in the hearing testimony. *See, e.g.*, New York Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90) of the NYS Public Officers Law; Arkansas Freedom of Information Act ("FOIA") Section 3 of Act 1653. The public (and Lotto.com) would have a right to the actual communications between Jackpocket and the regulators. There is therefore no legal justification for sealing the transcript of testimony about those communications.[3]

For all these reasons, Lotto.com respectfully requests that it be permitted to intervene and that the joint motions to seal be denied. We await Your Honor's direction on whether formal motion papers are required and are available at the Court's convenience.

Respectfully,

*ATReardon*

Abigail T. Reardon
Partner

cc: Emma Kramer Jones, Esq. (Emma.K.Jones@us.dlapiper.com, 203.912.8224)
All Counsel of Record (via ECF)

---

[3] Nor is the parties' consent or the fact that information is subject to a protective order a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).