USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/15/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

JACKPOCKET, INC.,                   :
                                      :

              Plaintiff,      :
                                      :       22-cv-5772 (LJL)

      -v-                :
                                      :      MEMORANDUM &
LOTTOMATRIX NY LLC,       :        ORDER
LOTTOMATRIX CORPORATION,    :
LOTTOMATRIX OPERATIONS LIMITED  :
d/b/a JACKPOT.COM,        :
LOTTOMATRIX MALTA LIMITED, and  :
99DYNAMICS LIMITED,       :
                                      :

            Defendants.     :
                                      :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On December 7, 2022, the Court issued an Opinion and Order under seal denying the request of plaintiff Jackpocket, Inc. ("Plaintiff") for a permanent injunction and other equitable relief. Dkt. No. 125. Contemporaneously, the Court issued an order directing the parties to meet and confer with respect to the material, if any, that should remain under seal and, by December 14, 2022, to submit letter motions requesting such relief. Dkt. No. 126. Plaintiff and Defendants submitted letter motions requesting certain information remain under seal. *See* Dkt. Nos. 127, 129. For the reasons set forth below, the Court grants Defendants' motion and grants in part and denies in part Plaintiff's motion. Substantially concurrently with this Order, an unsealed version of the Court's Opinion and Order will be publicly filed.

I.    **Legal Principles**

There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

110, 126 (2d Cir. 2006).  While the "primary public interest" is the "general availability of the

relevant information," *Mirlis v. Greer*, 952 F.3d 51, 65 (2d Cir. 2020), the importance of the

public interest cannot be separated from the common law rationale connected to this public

interest.  The common law right of public access to judicial documents stems from "the need for

federal courts, although independent—indeed, particularly because they are independent—to

have a measure of accountability and for the public to have confidence in the administration of

justice." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted) (quoting *Amodeo II*, 71

F.3d at 1048).

To determine whether a document should be permitted to be filed under seal, the court

engages in a three part test: (1) it determines whether the filing should be "classified as a

'judicial document,'"; (2) if the record at issue is a judicial document, the court "must next

determine the particular weight of th[e] presumption of access for the record at issue"; and

(3) "once the weight of the presumption has been assessed, the court is required to 'balance

competing considerations against it.'" *Olson v. Major League Baseball*, 29 F.4th 59, 87–88

(2d Cir. 2022) (citations omitted) (first quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d

Cir. 1995) ("*Amodeo I*"); and then quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.

1995) ("*Amodeo II*")).

In order to be designated a "judicial record," the document must be "relevant to the

performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at

145.  The test of relevance is whether a document "would reasonably have the tendency to

influence a district court's ruling on a motion or in the exercise of its supervisory powers,

without regard to which way the court ultimately rules or whether the document ultimately in

fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  There

can be little doubt that the Court's Opinion and Order, and the evidence incorporated therein, is a judicial document.

This presumption, however, does not attach equally to all judicial documents. *See Amodeo II*, 71 F.3d at 1049 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."). "[E]vidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access." *Brown*, 929 F.3d at 49. The task of the Court in this case is to balance the "countervailing factors," including "the privacy interest of those resisting disclosure," against the high "value of public disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (quoting *Amodeo II*, 71 F.3d at 1050) (internal quotation marks omitted); *see also Amodeo II*, 71 F.3d at 1051 ("[T]he privacy interest of innocent third parties . . . are a venerable common law exception to presumption of access." (internal quotation marks and citations omitted)). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). But "where documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d at 142.

With these principles in mind, the Court makes the following rulings.

## II.     Defendants December 14, 2022 Motion to Seal

Defendants request that the Court seal certain non-public business and financial information produced in connection with this case by Big Fish Games about its application Jackpot Magic Slots application. *See* Dkt. No. 127. Because these figures represent "sensitive

3

business information from nonparties, obtained often via subpoena" and Defendants' redaction

requests are "narrowly tailored," the Court grants Defendants' motion and will redact the

requested information. *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at

*19 (S.D.N.Y. Jan. 10, 2018).

### III.      Plaintiff's December 14, 2022 Motion to Seal

Plaintiff's request for redactions can be divided into roughly three categories:

(1) Plaintiff's business, financial, and marketing information; (2) information concerning

Plaintiff's communications with regulators and lottery agencies; and (3) survey data prepared by

Plaintiff's experts for this action.

Courts seal confidential business, financial, and marketing information under certain

situations.  First, the information must still be relevant to the business. *See Encyclopedia Brown*

*Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (noting that

"[c]onfidential business information dating back even a decade or more" can be sealed when

there is "specific testimony" that the relevant "business practices" and "strategies . . . have not

significantly changed").  Second, courts look at the degree to which a party "would be

competitively harmed if [the information] were revealed." *Playtex Prod., LLC v. Munchkin, Inc.*,

2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016).  The Court must also consider the degree

to which the Court relied on the information and the strong presumption of public access

accorded the evidence in this case. *See Brown*, 929 F.3d at 49; *Amodeo II*, 71 F.3d at 1049.  The

Court thus will redact specific business, marketing, and financial information, but will not redact

more generalized information, stale information, and information that was particularly relevant

to the disposition of the case.[1]

---

[1] For example, the Court redacted specific revenue and marketing figures, because there is a heightened likelihood
that Plaintiff would be competitively harmed by revealing confidential information of this type.  However, the Court

Plaintiff next requests that the Court seal information related to its dealings with regulators and lottery agencies.  The Court finds that this information should not be redacted. First, Plaintiff has not established that there is a presumption of confidentiality that attaches to this information, because it may otherwise be available through state freedom of information or sunshine laws.[2]  *Cf. Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 456 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 59 (concluding that privacy interests are undermined when the substance of a document has been otherwise made public).  Nor has Plaintiff carried its burden in demonstrating that this information is commercially sensitive.  Unlike in *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020), which Plaintiff cites, Plaintiff's reports to regulators did not contain Plaintiff's "commercially sensitive information"; the reports contained information about competitors.  The Court also notes, but need not rely on, the public interest in making this information available, given the involvement of public institutions.  *See Lugosch*, 435 F.3d at 123 n.5 (2d Cir. 2006) (noting, in dicta, that "lobbying the state legislature and the governor to obtain preferred treatment in connection with a business endeavor" could add weight to a presumption of public access).

The Court will redact certain references to "individuals [and organizations] . . . [who] possess a strong privacy interest in maintaining anonymity."  *Olson*, 466 F. Supp. 3d at 456.  The Court will not, however, redact the identity of regulators, who are public officials, and regulatory organizations, which are public entities.

---

did not redact information that it considered stale, such as the amount of money Plaintiff paid to purchase the jackpocket.com domain in 2013; information that was generalized or otherwise could be gleaned from publicly available sources, such as references to the fact that Plaintiff's advertising spend and revenue figures have grown in recent years; or information that the Court considered of little competitive import, but is of legal import, including the fact that Plaintiff spends more on advertising and makes more in revenue when lottery jackpots peak in size.
[2] Lotto.com, a competitor of Plaintiff, filed a letter seeking to intervene in this case and to request that portions of the transcript of the November 11 and 12 evidentiary hearing be unsealed. *See* Dkt. No. 104.

Finally, Plaintiff requests that the Court redact survey data prepared for this case. Plaintiff has pointed to no cases that suggest that survey data specifically prepared for and used as evidence in a specific case should be redacted.  Plaintiff thus has not carried its burden that "extraordinary circumstances" require redaction of this data.  *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d at 142.

## IV.     Other Motions to Seal

There are several additional motions to seal outstanding.  *See* Dkt. Nos. 42, 54, 98, 99, 114, and 118.  Based on the above principles, the Court will grant Defendants' motion to seal portions of its memorandum of law in opposition to a preliminary injunction, Dkt. No. 42, and their motion to seal their letter motion to compel discovery, Dkt. No. 114.  The Court will also grant Plaintiff's motion to seal portions of Michael Barone's August 9, 2022 reply declaration and Peter Sullivan's declaration in support of Plaintiff's motion for a preliminary injunction, Dkt. No. 54, and Plaintiff's motion to seal its letter motion in opposition to Defendants' motion to compel discovery, Dkt. No 119.  The Court finds that the requested redactions are narrowly tailored to the confidential business information that the corresponding documents contain.

## V.     Conclusion

The Clerk of Court is respectfully directed to close Dkt. Nos. 42, 54, 114, 118, 127, and 129.

Dated: December 15, 2022
      New York, New York

                                LEWIS J. LIMAN
                            United States District Judge