UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKPOCKET, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOTTOMATRIX NY LLC, LOTTOMATRIX CORPORATION, LOTTOMATRIX OPERATIONS LIMITED d/b/a JACKPOT.COM, LOTTOMATRIX MALTA LIMITED, and 99DYNAMICS LIMITED,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-05772 (LJL)<br><br>**DECLARATION OF<br>RACHEL E. EPSTEIN** |

I, Rachel E. Epstein, declare as follows:

　　　1.　　I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Defendants Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited d/b/a Jackpot.com, Lottomatrix Malta Limited, and 99Dynamics Limited (collectively, "Jackpot.com"). I have been the lead counsel on this matter since Quinn Emanuel was retained to represent Jackpot.com in this case. I submit this declaration in support of Jackpot.com's Motion for Attorneys' Fees and Related Nontaxable Expenses (the "Motion").

　　　2.　　Except as otherwise indicated, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

　　　3.　　I am personally familiar with the attorneys' fees and costs Jackpot.com has incurred in defending this action. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iii), a fair estimate of Jackpot.com's attorneys fees incurred to date in this litigation is approximately $7,250,000. A fair estimate of Jackpot.com's related nontaxable expenses incurred in this litigation to date is

1

approximately $250,000.[1]  These nontaxable expenses include, for example:  (1) travel and accommodations, including for the preliminary injunction hearing; (2) photocopying; (3) PACER fees; (4) express mail; (5) delivery and messenger expenses; (6) electronic document collection, hosting, and processing (all of which was conducted on an expedited basis) and related fees; and (7) other litigation-related expenses.

4. I am also personally familiar with the discovery process in this action.  As part of this action, Jackpot.com served its First Set and Second Set of Requests to Plaintiff for Production of Documents and Things (together the "Preliminary Injunction RFPs") on September 6, 2022 and September 13, 2022, respectively, seeking documents and communications concerning, among other subjects, Plaintiff's at-issue trademarks, products and services.  On September 19, 2022 and again during meet and confer calls in the weeks that followed, Plaintiff Jackpocket, Inc. ("Plaintiff") represented that it would produce all documents responsive to Jackpot.com's Preliminary Injunction RFPs and that it was asserting only objections based on burden and privilege.  On September 21, 2022 and October 21, 2022, Jackpot.com served additional document requests ("Plenary RFPs"), for which Plaintiff also represented it would collect and produce responsive documents.

5. During the week of October 31, 2022, roughly two weeks before trial submissions were due on November 12, 2022, Quinn Emanuel discovered multiple deficiencies in Plaintiff's production of documents, including the non-production of documents Plaintiff had agreed to produce in response to the Preliminary Injunction RFPs and the Plenary RFPs.  Counsel for Jackpot.com promptly raised these deficiencies with Plaintiff's counsel and asked for Plaintiff to

---

[1] These fee and nontaxable expense estimates do not include fees and nontaxable expenses incurred for preparing and filing this Motion, a reply brief, and a fee application, nor for any oral argument on the Motion.

complete its production immediately. Following numerous correspondence and meet-and-confers, and in light of Plaintiff's ongoing failure to agree to properly supplement its production, on November 9, 2022 Jackpot.com filed a motion to compel the still unproduced documents before the deadline for trial submissions (then set for November 12, 2022) and oral argument (then set for November 15, 2022). *See* Dkt. 116. Also on November 9, 2022, the parties filed a joint request to amend the schedule for trial submissions (to November 14, 2022) and oral argument (to November 17, 2022), on the basis that "the parties [we]re currently working through certain discovery issues, some of which may require the Court's intervention to resolve." *See* Dkt. 113. Notwithstanding the numerous discovery correspondence and meet-and-confers between the parties related to Plaintiff's incomplete production (including correspondence informing Plaintiff of Jackpot.com's intention to file a motion to compel), it was only after Jackpot.com filed its motion to compel that Plaintiff confirmed, in its response to the motion to compel (which was filed with the Court), that it would agree to cure the deficiency. *See* Dkts. 119 & 121.

6.     Between November 9, 2022 and November 12, 2022, Plaintiff produced nearly 55,000 pages of responsive documents it had agreed to produce in response to the Preliminary Injunction or Plenary RFPs, but failed to produce before the discovery deadline, as detailed in the motion to compel. This production included multiple documents that were submitted to the Court as part of the trial record. *See, e.g.*, DX-287; DX-292; DX-302; DX-346. Before these productions, Plaintiff's production totaled only approximately 5,500 pages.

7.     Should the Court grant Jackpot.com's instant Motion and find that Jackpot.com is entitled to recover its reasonable attorneys' fees and related nontaxable expenses pursuant to 15 U.S.C. § 1117(a), with the Court's permission, Jackpot.com will submit a fee application setting forth and substantiating the reasonableness of Jackpot.com's attorneys' fees (including counsel's

hourly billing rates and number of hours billed), and related nontaxable expenses, with appropriate supporting documentation.

*   *   *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2023, at New York, New York.

_____<br>
Rachel E. Epstein