

DOUGLAS A. RETTEW
202.408.4161
doug.rettew@finnegan.com

February 7, 2023

**VIA ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:  *Jackpocket, Inc. v. Lottomatrix NY LLC et al.*, 22-cv-05772 (LJL)
       Letter Motion to Seal Portions of Jackpocket's Opposition to Defendants'
       <u>Motion for Attorneys' Fees and Related Nontaxable Expenses</u>

Dear Judge Liman:

  Pursuant to Rule 2(H) and Attachment B of Your Honor's Individual Practices in Civil Cases, Plaintiff Jackpocket, Inc. submits this letter motion respectfully requesting that the Court seal narrow portions of its Opposition to Defendants' Motion for Attorneys' Fees and Related Nontaxable Expenses (the "Opposition") and supporting declarations and exhibits. Jackpocket also respectfully requests that its Opposition and supporting declarations and exhibits be temporarily sealed in their entirety pursuant to Attachment B of Your Honor's Individual Practices pending Defendants' further filing identifying any information it believes should be redacted or sealed.

  Regarding Jackpocket's own confidential information, Jackpocket respectfully requests a narrow order sealing the following types of confidential information related to: (1) Jackpocket's specific confidential business and financial information, (2) certain references to individuals and organizations who possess a strong privacy interest in maintaining anonymity; and (3) settlement discussions.

  While a strong presumption of access exists, "[a] court must 'balance competing considerations against it,'" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Courts routinely seal the categories of information Jackpocket currently requests be redacted in the Opposition. *See, e.g.*, *City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (granting motion to seal internal business development presentations); *Girl Scouts of U.S. of Am. v. Boy Scouts of Am.*, No. 18-cv-10287, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted . . . [and] sealed pursuant to the protective order"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to seal

Hon. Lewis J. Liman
Page 2

documents concerning "[plaintiff's] (i) sales and revenue, . . . (iii) qualitative market research, . . . (iv) research and development for new products" and "presentations . . . and competitive analyses"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents because they contained, among other things "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products" and "engineering and business trade secrets which could be used adversely by competitors"); *Delollis v. Fuchs*, Nos. 12-CV-2331, 12-CV-2332, 2012 WL 58677370, at *2 (E.D.N.Y. Nov. 16, 2012) (granting motion to seal settlement offer because "the interest in maintaining the confidentiality of the offer of settlement . . . outweighs the applicable presumption of public access); *Kahlon v. Project Verte Inc.*, No. 20-CV-3774, 2021 WL 2827041, at *2 (S.D.N.Y. July 6, 2021) (sealing plaintiff's correspondence with attorney and billing records). "[B]usiness information that might harm a litigant's competitive standing" may also outweigh the presumption of public access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). *See also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (sealing of confidential business information affirmed where "[d]isclosure could cause . . . significant competitive disadvantage"). Additionally, individuals and organizations possess a strong privacy interest in maintaining anonymity, and thus, any references to them may be sealed. *Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 456 (S.D.N.Y. 2020), *aff'd*, 28 F.4th 59 (2d Cir. 2022) (permitting redaction of the names of certain individuals "who possess a strong privacy interest in maintaining anonymity").

Jackpocket respectfully requests that the Court seal the following from Jackpocket's Opposition and the supporting declarations and exhibits.

**Portions of Jackpocket's Opposition Brief**

Jackpocket respectfully requests that the Court seal the following from Jackpocket's Opposition:

- The specific words highlighted on pages 4 and 5 in the highlighted version of the Opposition. These words reveal specific reasons Jackpocket may or may not be interested in a business combination with Defendants, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2 (sealing "confidential business strategy information"); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Playtex Prods., LLC*, 2016 WL 1276450, at *12 (sealing "competitive analyses"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50 (sealing "highly proprietary material concerning the defendants' marketing strategies"); *Standard Inv. Chartered, Inc. v.*, 347 F. App'x at 617 (sealing of confidential business information affirmed

where "[d]isclosure could cause . . . significant competitive disadvantage"). The Court previously granted Jackpocket's prior request to redact similar "specific business [and] marketing . . . information." *See* Dkt. 132 (finding the Court will redact "Plaintiff's business, financial, and marketing information"); Dkt. 125, 131.

- The specific words highlighted on pages 6 and 22 in the highlighted version of the Opposition. These words reveal the specifics of confidential settlement discussions, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Delollis*, 2012 WL 58677370, at *2 (granting motion to seal settlement offer because "the interest in maintaining the confidentiality of the offer of settlement . . . outweighs the applicable presumption of public access").

- The specific words/figures highlighted on pages 22 and 32 in the highlighted version of the Opposition. These words reveal Jackpocket's specific financial figures, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Kahlon*, 2021 WL 2827041, at *2 (sealing plaintiff's correspondence with attorney and billing records); *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2 (sealing "advertising expenditures"); *Playtex Prods., LLC*, 2016 WL 1276450, at *12 (sealing "[plaintiff's] . . . sales and revenue"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50 (sealing "highly proprietary material concerning the defendants' . . . costs and budgeting"). The Court previously granted Jackpocket's prior request to redact similar "specific . . . financial information." *See* Dkt. 132 (finding the Court will redact "Plaintiff's . . . financial . . . information"); Dkt. 125, 131.

- The specific words on pages 25 and 29 in the highlighted version of the Opposition. These words reveal the names of organizations who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456. These requested redactions are consistent with those the Court previously allowed. *See* Dkt. 132 (finding the Court will redact "references to 'individuals [and organizations] . . . [who] possess a strong privacy interest in maintaining anonymity.'"); Dkt. 125, 131.

**Exhibits from the Declaration of Douglas A. Rettew in Support of Jackpocket's Opposition**

Jackpocket respectfully requests that the Court seal the following from the Declaration of Douglas A. Rettew in Support of Jackpocket's Opposition (the "Rettew Decl."):

- The specific highlighted bullet in the e-mail chain in the highlighted version of Exhibit 1 to the Rettew Decl. These words reveal the specifics of confidential settlement discussions, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Delollis*, 2012 WL 58677370, at *2.

Hon. Lewis J. Liman
Page 4

- Exhibit 2 to 4 to the Rettew Decl and exhibits 2 and 6 to the deposition of Sean Siuda, which are included as part of Exhibit 8 to the Rettew Decl. These exhibits are comprised of highly confidential investment presentations that contain Jackpocket's highly sensitive financial figures, marketing strategy, business operation strategy, and growth strategy, among other things, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2; *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614; *Playtex Prods., LLC*, 2016 WL 1276450, at *12; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50; *Standard Inv. Chartered, Inc. v.*, 347 F. App'x at 617.

- The specific words highlighted in green or blue[1] on pages 34, 121, 129, 153, 166, and 179 in Exhibit 11 to the Rettew Decl. These words reveal: (1) specific reasons Jackpocket may or may not be interested in a business combination with Defendants and (2) the existence of a business negotiation with a third-party, all of which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2; *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614; *Playtex Prods., LLC*, 2016 WL 1276450, at *12; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50; *Standard Inv. Chartered, Inc. v.*, 347 F. App'x at 617. The Court previously granted Jackpocket's prior request to redact similar "specific business [and] marketing . . . information." *See* Dkt. 132; Dkt. 125, 131. These words also reveal the names of organizations who possess a strong privacy interest in maintaining anonymity, *Olson*, 466 F. Supp. 3d at 456, which the Court similarly previously redacted. *See id.*

**Portions of the Declaration of Peter Sullivan in Support of Jackpocket's Opposition**

Jackpocket respectfully requests that the Court seal the following from the Declaration of Peter Sullivan in Support of Jackpocket's Opposition (the "Sullivan Fees Decl."):

- The specific words highlighted on page 2 in the highlighted version of the Sullivan Fees Decl. These words reveal the specifics of confidential settlement discussions as well as highly confidential financial figures, which Jackpocket maintains in confidence (and has not revealed publicly), and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Delollis*, 2012 WL 58677370, at *2; *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2; *Playtex Prods., LLC*, 2016 WL 1276450, at *12; *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

---

[1] In the transcript excerpts attached to the Rettew Decl., Jackpocket has highlighted the portions of those transcripts cited in its brief in yellow; the portions it requests be redacted in green; and the portions it both cited in its brief *and* requests be redacted in blue.

Hon. Lewis J. Liman
Page 5

**Portions of the Declaration of Andrew Fries in Support of Jackpocket's Opposition**

Jackpocket respectfully requests that the Court seal the following from the Declaration of Andrew Fries in Support of Jackpocket's Opposition (the "Fries Decl."):

- The specific words on pages 3 and 5-6 in the highlighted version of the Fries Decl. These words reveal the names of individuals who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456. These requested redactions are consistent with those the Court previously allowed. *See* Dkt. 132; Dkt. 125, 131.

**Portions of the Declaration of Bishop Woosley in Support of Jackpocket's Opposition**

Jackpocket respectfully requests that the Court seal the following from the Declaration of Bishop Woosley in Support of Jackpocket's Opposition (the "Woosley Decl."):

- The specific words on page 7 in the highlighted version of the Woosley Decl. These words reveal the names of individuals who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456. These requested redactions are consistent with those the Court previously allowed. *See* Dkt. 132; Dkt. 125, 131.

Jackpocket conferred with counsel for Defendants' on this requested relief, and Defendants' noted they currently do not take a position and reserve the right to respond and/or object once they see Jackpocket's specifically requested redactions in connection with this motion.

In addition to the specific bases enumerated above pertaining to Jackpocket's confidential information, Jackpocket's Opposition and supporting declarations and exhibits "contain[] information marked confidential by [Defendants]." Individual Practices, Att. B. Specifically, the Opposition quotes from and refers to the contents of certain documents produced by Defendants and certain testimony of Plaintiff's CEO, Yariv Ron, which Defendants have designated confidential. Counsel for Jackpocket conferred with counsel for Defendants on this issue, and counsel for Defendants confirmed that they request the Opposition and its supporting documents be filed under seal.

Pursuant to the procedures set forth in Your Honor's Individual Practices, Jackpocket is filing the Opposition and supporting documents under seal and understands that Defendants will file a separate letter motion "explaining the particular reasons for seeking to keep the [Opposition] with redactions or under seal." Individual Practices, Att. B. Jackpocket takes no position concerning the appropriateness of any particular redactions Defendants may propose.

Accordingly, Jackpocket respectfully requests that the Court grant its request to file the Opposition and its supporting documents temporarily under seal pending Defendants' further filing, and grant Jackpocket's request to keep its narrow and specific information enumerated above permanently sealed.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Hon. Lewis J. Liman
Page 6

                        Respectfully submitted,

                        Douglas A. Rettew

DAR/PJR/TVV

cc:    Patrick J. Rodgers, Esq.
        Troy Viger, Esq.