**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JACKPOCKET, INC.,

*Plaintiff*,

v.

LOTTOMATRIX NY LLC, LOTTOMATRIX CORPORATION, LOTTOMATRIX OPERATIONS LIMITED d/b/a JACKPOT.COM, LOTTOMATRIX MALTA LIMITED, and 99DYNAMICS LIMITED,

*Defendants*.

**Case No. 22-cv-05772 (LJL)**

**PLAINTIFF JACKPOCKET, INC.'S SUR-REPLY OPPOSING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES**

In its Opposition to Defendants' Motion for Attorneys' Fees and Related Nontaxable Expenses (the "Opposition") (Dkt. 152), Jackpocket submitted supplemental evidence through three declarations—one from Jackpocket's CEO Peter Sullivan; another from Jackpocket's Vice President of Public Affairs Andrew Fries; and a third from the former Director of the Arkansas Lottery and owner of Woosley Gaming Advisors, LLC Bishop Woosley (*see* Dkts. 154–155, 157). In Defendants' Reply Brief in Further Support of Their Motion for Attorneys' Fees and Related Nontaxable Expenses, Defendants contend—for the first time—that this evidence "should be disregarded in its entirety" and that it would be improper for the Court to consider this evidence on a fees motion. (Dkt. 162 at 2–3.) Defendants are incorrect.

The Federal Rules of Civil Procedure and case law interpreting those rules expressly permit the introduction of new evidence in opposing a fees motion. Federal Rule of Civil Procedure 54 governs the award of attorneys' fees and costs. Under Rule 54(d)(2)(C), "the court must, on a party's request, give an opportunity for adversary submissions on the motion [for fees] in accordance with

Rule 43(c) or 78." Fed. R. Civ. P. 54(d)(2)(C). Rule 43(c), in turn, states that "[w]hen a motion relies on *facts outside the record*, *the court may hear the matter on affidavits* or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c) (emphasis added).

Following these rules, this Court has allowed the submission of facts and evidence outside the record in opposing fees motions. In *Virgin Enters. Ltd. v. Am. Longevity*, the party opposing a fees motion submitted several new affidavits and materials supporting its opposition, which the moving party moved to strike. No. 99 Civ. 9854, 2001 WL 789299, at *1 (S.D.N.Y. July 11, 2001). The Court denied that motion, finding the newly submitted evidence was permissible under Rules 54 and 43 because there were "extensive contested issues of material fact" as to whether the case was "exceptional," and the newly submitted evidence was "relevant to [that] issue." *Id.* at *2, n.2. Moreover, because the moving party "was given an opportunity to respond to these [new] submissions in their reply brief, *which is all that the Rules require*," the Court found there was no prejudice and permitted the evidence. *Id.* at *3 (emphasis added).

So too here. As explained in Jackpocket's Opposition, this new evidence was gathered and submitted for the sole purpose of countering Defendants' claims in its fees motion that Jackpocket took various actions in bad faith in a manner that makes this case exceptional. (*See* Dkt. 152 at 9.) Because the issues addressed by this evidence were not germane to Jackpocket's *trademark suit*, there was no need for Jackpocket to submit this evidence in its case-in-chief. As in *Virgin*, Jackpocket's new evidence goes solely and directly to "contested issues of material fact" as to whether this case is "exceptional," and is thus permissible. 2001 WL 789299, at *2, n.2. As for Defendants' claim that it did not have "the opportunity to cross-examine and assess the credibility" of this evidence (Dkt. 162 at 3), that too fails, as Defendants' "had the opportunity to respond to these [new] submissions in their reply brief, which is all that the Rules require." *Id.* at *3.

Defendants' also contend that Jackpocket's evidence should be disregarded because

Jackpocket is allegedly trying to "reargue the trial record rather than accept this Court's already-issued findings." (Dkt. 162 at 3.) Not so. Jackpocket has not offered this new evidence to challenge the Court's findings of fact and conclusions of law, but to provide additional context and rebut Defendants' allegations that Jackpocket acted in bad faith and that this case is exceptional.

The cases Defendants cite on this point are inapposite. (*See* Dkt. 162 at 3, n.1.) In two—*Davis v. Stratton*, No. 6-cv-1323, 2009 WL 1292829, at *1, n.2 (N.D.N.Y. May 7, 2009) and *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, No. 97-cv-1202, 2006 WL 752872, at *4 (D. Conn. Mar. 17, 2006)—the courts found the plaintiffs were trying to re-litigate the merits of the case because they were disputing that the defendants were the prevailing party. Here, in its Opposition, Jackpocket did not contest that Defendants were the prevailing party or the underlying merits finding Defendants to be the prevailing party; only that this case is not exceptional. In *Watkins v. Smith*, No. 12 Civ. 4635, 2013 WL 1935329, at *5 (S.D.N.Y. May 10, 2013), the Court had already awarded fees based on a previously filed motion for sanctions, and the only issue was the amount to be awarded. Despite that, the plaintiff attempted to re-argue whether the defendant was in fact entitled to fees, which the Court deemed improper—"[t]he plaintiff and his counsel had an opportunity to respond [to] the motions for sanctions and failed to raise this objection in their opposition. The purpose of the attorney's fees applications is to determine the appropriate amount of the sanctions award, not to relitigate the merits of the defendants' motions for sanctions." *Id.* That is not the case here. Similarly, in *United States v. Schroeder*, No. 85 C. 3442, 1989 WL 68503, at *1–2 (N.D. Ill. June 16, 1989), the government expressly "challenge[d] [the] court's findings of fact and conclusions of law" when arguing that the court erred in awarding fees. Again, far from relitigating the merits here, Jackpocket is only challenging that this case is not exceptional—the sole reason for the new evidence in its Opposition.

For the reasons above, Jackpocket respectfully requests that the Court consider the evidence submitted with Jackpocket's Opposition and deny Defendants' request for attorneys' fees.

Dated: February 26, 2023

Respectfully submitted,

*/s/ Douglas A. Rettew*

Douglas A. Rettew (*pro hac vice*)
Patrick J. Rodgers (*pro hac vice*)
Mary Kate Brennan
Troy Viger (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
doug.rettew@finnegan.com
patrick.rodgers@finnegan.com
marykate.brennan@finnegan.com
troy.viger@finnegan.com

*Attorneys for Plaintiff Jackpocket, Inc.*