April 13, 2023

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Jackpocket, Inc. v. Lottomatrix NY LLC, et al.*, 22-cv-05772-LJL
              Joint Letter Motion to Seal

Dear Judge Liman:

      Pursuant to Rule 2(H) and Attachment B of Your Honor's Individual Practices in Civil Cases, and in accordance with Your Honor's April 3, 2023 and April 5, 2023 Orders (Dkts. 171 and 173), the parties jointly submit this letter regarding the parties' respective requests to seal certain documents of record for this case that have not yet been filed on ECF. Upon granting these requests (in whole or in part), the parties will file via ECF, along with other documents for which the parties do not request any sealing, redacted versions of the documents that the Court has permitted to be filed under seal.

      For ease of reference, the parties prepared an index of all of the documents filed with this joint motion attached as **Appendix A**, which provides the name of each document filed with this joint motion and corresponds each document to an exhibit number (from 1 to 166). The exhibits are listed in **Tables A**, **B**, and **C** to this joint motion. Specifically:

- **Table A**: The parties' Joint Pretrial Order and Court hearing transcripts.

- **Table B**: Documents previously submitted by Plaintiff to the Court.

- **Table C**: Documents previously submitted by Defendants to the Court.

      The exhibits are: (1) indexed by party, (2) categorized by the general type of document filed (e.g., transcript, memoranda, declaration, supporting exhibit, deposition), and (3) highlighted and color-coded to reflect each party's proposed redactions, with Plaintiff's proposed redactions in yellow, Defendants' in blue, and any overlapping proposals in green. Instances where a party seeks to seal a document in its entirety are noted in **Tables A**, **B** and **C**.

      Neither party takes any position on the other party's requests to seal.

The Honorable Lewis J. Liman
Page 2

I.  **Plaintiff's Requests to Seal**

Plaintiff respectfully requests a narrow order sealing the documents or portions thereof listed below (corresponding to **Appendix A**, which lists the documents attached in **Tables A-C**), because the documents or portions thereof contain confidential information related to: (1) Plaintiff's specific confidential business information, including business negotiations, (2) Plaintiff's confidential financial information, (3) certain references to individuals and organizations who have a strong privacy interest in maintaining anonymity, or (4) a combination of the preceding categories.

While a strong presumption of access exists, "[a] court must 'balance competing considerations against it,'" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Regarding the parties' request to seal its confidential business and financial information, courts routinely seal this type of information. *See, e.g.*, *Girl Scouts of U.S. of Am. v. Boy Scouts of Am.*, No. 18-cv-10287, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted . . . [and] sealed pursuant to the protective order"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "[plaintiff's] (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents because they contained, among other things "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products" and "engineering and business trade secrets which could be used adversely by competitors"). "[B]usiness information that might harm a litigant's competitive standing" may also outweigh the presumption of public access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). *See also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (sealing of confidential business information affirmed where "[d]isclosure could cause . . . significant competitive disadvantage").

Additionally, individuals and organizations possess a strong privacy interest in maintaining anonymity, and thus, any references to them may be sealed. *Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 456 (S.D.N.Y. 2020), *aff'd*, 28 F.4th 59 (2d Cir. 2022) (permitting redaction of

The Honorable Lewis J. Liman
Page 3

the names of certain individuals "who possess a strong privacy interest in maintaining anonymity").

Plaintiff therefore respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because they pertain to Plaintiff's highly sensitive and confidential business information, which Plaintiff takes step to keep private and confidential, and the disclosure of which would place Plaintiff at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Plaintiff. *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2 (sealing "confidential business strategy information"); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit").

- Ex. 29
- Ex. 35
- Ex. 79
- Ex. 80
- Ex. 83
- Ex. 84
- Ex. 85
- Ex. 86
- Ex. 88
- Ex. 96
- Ex. 99
- Ex. 106
- Ex. 109
- Ex. 111
- Ex. 128
- Ex. 130
- Ex. 132
- Ex. 133
- Ex. 139
- Ex. 140
- Ex. 141
- Ex. 142
- Ex. 143
- Ex. 148
- Ex. 152
- Ex. 156
- Ex. 158
- Ex. 160

The Honorable Lewis J. Liman
Page 4

- Ex. 161[1]

Plaintiff respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because the information pertains to Plaintiff's confidential financial information. Plaintiff has not disclosed this information publicly. This information is useful in Plaintiff's business to maintain business operations. Plaintiff takes steps to keep this sensitive financial information private and confidential, and the disclosure of this information would place Plaintiff at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Plaintiff's business.

- Ex. 9
- Ex. 24
- Ex. 25
- Ex. 26
- Ex. 67
- Ex. 68
- Ex. 81
- Ex. 89
- Ex. 157

Plaintiff respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because the information includes names of individuals and organizations who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456.

- Ex. 11
- Ex. 12
- Ex. 13
- Ex. 14
- Ex. 15
- Ex. 16
- Ex. 17
- Ex. 18
- Ex. 19
- Ex. 20

---

[1] Plaintiff notes that, while Defendants' only designated portions of deposition transcripts for trial, Defendants emailed the entire transcripts to the Court before trial began with Defendants' designations and Plaintiff's counter-designations highlighted in those transcripts. As a result, the parties are submitting the entire deposition transcripts with proposed redactions to the entire transcript for the depositions to which Defendants made designations (Exs. 161–65). The majority of requested redactions to these deposition transcripts fall on non-designated pages, making them irrelevant to the public's understanding of the disposition of this matter.

The Honorable Lewis J. Liman
Page 5

- Ex. 21
- Ex. 22
- Ex. 27
- Ex. 28
- Ex. 36
- Ex. 37
- Ex. 42
- Ex. 43
- Ex. 44
- Ex. 45
- Ex. 46
- Ex. 47
- Ex. 48
- Ex. 49
- Ex. 52
- Ex. 53
- Ex. 54
- Ex. 55
- Ex. 56
- Ex. 57
- Ex. 58
- Ex. 59
- Ex. 60
- Ex. 61
- Ex. 62
- Ex. 63
- Ex. 70
- Ex. 71
- Ex. 72
- Ex. 73
- Ex. 74
- Ex. 75
- Ex. 95
- Ex. 105
- Ex. 107
- Ex. 108
- Ex. 113
- Ex. 114
- Ex. 115
- Ex. 116
- Ex. 123

The Honorable Lewis J. Liman
Page 6

- Ex. 126
- Ex. 127
- Ex. 134
- Ex. 135
- Ex. 138
- Ex. 145
- Ex. 146
- Ex. 147
- Ex. 149
- Ex. 150

Plaintiff respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because the information includes a combination of Plaintiff's highly sensitive and confidential business information and confidential financial information:

- Ex. 51
- Ex. 69
- Ex. 76
- Ex. 77
- Ex. 78
- Ex. 82
- Ex. 83
- Ex. 87
- Ex. 90
- Ex. 94
- Ex. 122
- Ex. 131
- Ex. 136
- Ex. 137
- Ex. 159

Plaintiff respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because the information includes a combination of Plaintiff's highly sensitive and confidential business information and names of individuals and organizations who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456.

- Ex. 2
- Ex. 3
- Ex. 41
- Ex. 91

The Honorable Lewis J. Liman
Page 7

- Ex. 93
- Ex. 102
- Ex. 103
- Ex. 104
- Ex. 117
- Ex. 118
- Ex. 119
- Ex. 120
- Ex. 125
- Ex. 144
- Ex. 151

Plaintiff respectfully requests that the following documents (identified by Exhibit Number from **Appendix A**) or portions thereof be sealed because the information includes a combination of Plaintiff's highly sensitive and confidential business information, Plaintiff's confidential financial information, and names of individuals and organizations who possess a strong privacy interest in maintaining anonymity. *Olson*, 466 F. Supp. 3d at 456.

- Ex. 1
- Ex. 4
- Ex. 5
- Ex. 6
- Ex. 7
- Ex. 23
- Ex. 64
- Ex. 65
- Ex. 66
- Ex. 92
- Ex. 112
- Ex. 153
- Ex. 154
- Ex. 162
- Ex. 163
- Ex. 164
- Ex. 165

Plaintiff's requests are consistent with the Court's prior December 7, 2022 Opinion & Order ("Dec. 7 Opinion") and December 15, 2022 Memorandum & Order ("Dec. 15 Order") permitting the redaction of "specific business, marketing and financial information" and "references to 'individuals [and organizations] . . . [who] possess a strong privacy interest in maintaining anonymity." (Dkt. 132 at 4–5.) (finding that the Court will redact "Plaintiff's business, financial, and marketing information"). *See also* Dkt. 125, 131.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant it leave to file redacted versions, and where appropriate entirely under seal, the documents set forth above.

## II.     JACKPOT.COM'S REQUESTS TO SEAL

Defendants 99Dynamics Limited, Lottomatrix NY LLC, Lottomatrix Corporation, Lottomatrix Operations Limited, and Lottomatrix Malta Limited (collectively "Jackpot.com") respectfully request a narrow order sealing sensitive portions of the documents identified below. These documents contain evidence concerning: (1) Jackpot.com's confidential and highly sensitive financial information; (2) Jackpot.com's confidential and proprietary business information and strategies, including details of its plan to launch services and products in the United States; (3) personal identifying information of non-parties (*e.g.*, the names of individuals who contacted Jackpot.com's help desk); and (4) confidential and proprietary business information of third parties.

This Court permits litigants to maintain the confidentiality of competitively sensitive business information by filing it under seal. *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). This includes "proprietary, competitively sensitive business information or [information] related to internal procedures, the disclosure of which would put [the litigant] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g.*, *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Girl Scouts of U.S.A. v. Boy Scouts of Am.*, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted … [and] sealed pursuant to the protective order"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

The Honorable Lewis J. Liman
Page 9

Pursuant to the forgoing, and for the reasons provided below, Jackpot.com respectfully submits that the following documents contain information for which they seek leave to file under seal on the following grounds:

A. **Jackpot.com's Confidential And Highly Sensitive Financial Information**

   1. **Redactions**

Jackpot.com requests that portions of the following documents indicated in teal blue highlighting be redacted, because the portions describe or identify Jackpot.com's highly sensitive and confidential financial figures, which Jackpot.com has taken efforts to keep private and confidential (and has not revealed publicly), and the public disclosure of which would place Jackpot.com at a competitive disadvantage:

| Ex. | Document | Page(s)[2] |
|-----|----------|------------|
| 51  | YR-2     |            |
| 97  | DX-014   | 10-19      |
| 112 | DX-043   | 30-31      |

   2. **Sealing**

Jackpot.com requests the following documents be sealed in their entirety because redactions cannot be drawn that would prevent disclosure of Jackpot.com's confidential and highly sensitive financial information:

| Ex. | Document    |
|-----|-------------|
| 9   | Ex. 2 PHB   |
| 50  | Ex. 64 SHD  |
| 98  | DX-015      |

B. **Jackpot.com's Confidential And Proprietary Business Information And Strategies**

   1. **Redactions**

Jackpot.com requests that portions of the following documents indicated in teal blue highlighting be redacted, because the portions describe or identify Jackpot.com's highly sensitive and confidential business information and strategies, which Jackpot.com has taken efforts to keep private and confidential (and has not revealed publicly), and the public disclosure of which would

---

[2] For the convenience of the Court, where redactions are located on only a few pages of a lengthy document, Jackpot.com also includes the page numbers where those redactions are located. All requested redactions should otherwise be apparent on the face of the document.

The Honorable Lewis J. Liman
Page 10

place Jackpot.com at a competitive disadvantage. This includes details of Jackpot.com's plans and strategies regarding its launch of services and products in the United States.

| Ex. | Document | Page(s) |
|---|---|---|
| 3 | Ex. 4 JPO - Defendants' Trial Exhibit List | 2 |
| 4 | 10/11 Preliminary Injunction Hearing Transcript | 141-43, 145, 147-48, 176, 191-93, 198, 202-05, 218-19, 221-22, 269 |
| 5 | 10/12 Preliminary Injunction Hearing Transcript | 313-14, 339, 344-45 |
| 6 | 11/17 Bench Trial Transcript | 9, 48 |
| 7 | Plaintiff's Pre-Hearing Brief ("PHB") | 13 |
| 8 | Ex. 1 PHB | 20, 109-11, 150, 162 |
| 29 | Ex. 40 SHD | 3-5 |
| 31 | Ex. 42 SHD | 3-5 |
| 64 | 2022.11.14 Plaintiff's Pre-Trial Memorandum | 24, 61 |
| 65 | 2022.11.14 Plaintiff's Proposed Findings of Fact & Conclusions of Law | 21-22, 50 |
| 94 | 2022.10.09 Defendants' Pre-Hearing Brief | 4-5, 7, 12, 42 |
| 95 | 2022.10.09 Defendants' PI Hearing Exhibit List | 1 |
| 97 | DX-014 | 10-21 |
| 99 | DX-016 | 2-4 |
| 100 | DX-019 | |
| 110 | DX-041 | 1 |
| 111 | DX-042 | 7 |
| 112 | DX-043 | 30, 31 |
| 121 | DX-067 | 6 |
| 139 | DX-123 | 1-2 |
| 140 | DX-124 | 2-3 |
| 141 | DX-125 | 2, 4 |
| 142 | DX-126 | 2, 4 |
| 151 | Ex. F, Scher Declaration | 249-52 |
| 152 | 2022.10.09 Direct Testimony Declaration of Yariv Ron | 2, 6, 8-10, 12-13, 16-18, 21-22 |
| 153 | 2022.11.20 Defendants' Corrected Pre-Trial Brief | 7, 38 |
| 154 | 2022.11.20 Defendants' 2nd Corrected Proposed Findings of Fact & Conclusions of Law | 7, 11-14, 16-18, 41, 56, 62-63, 122, 161 |
| 155 | 2022.11.14 Supplemental Trial Declaration of Yariv Ron | 4-6 |

The Honorable Lewis J. Liman
Page 11

| Ex. | Document | Page(s) |
|---|---|---|
| 162 | 2022.10.03 Defendants' Designations of the Deposition of Yariv Ron[3] | 17-21, 37-38, 42, 45-48, 50, 53-54, 57, 59, 87-91, 94, 108-12, 115-16, 122-23, 128-34, 140-43, 145, 150-52, 161-69, 176-78, 191, 204, 231, 257, 274 |
| 164 | 2022.09.30 Defendants' Designations of the Deposition of Peter Sullivan | 157, 207, 249-52 |

### 2. Sealing

Jackpot.com requests the following documents be sealed in their entirety because redactions cannot be drawn that would prevent disclosure of Jackpot.com's confidential and proprietary business information and strategies:

| Ex. | Document |
|---|---|
| 9 | Ex. 2 PHB |
| 50 | Ex. 64 SHD |
| 98 | DX-015 |

### C. Personal Identifying Information Of Non-Parties

#### 1. Redactions

Jackpot.com requests that portions of the following documents indicated in teal blue highlighting be redacted, because these portions reveal the names and/or other personal identifying information of non-party individuals and consumers for which these individuals maintained a reasonable expectation of privacy:

| Ex. | Document | Page(s) |
|---|---|---|
| 4 | 10/11 Preliminary Injunction Hearing Transcript | 241-55, 257-62, 264-66, 273 |
| 5 | 10/12 Preliminary Injunction Hearing Transcript | 336 |
| 11 | Ex. 6 PHB | |
| 12 | Ex. 7 PHB | |
| 13 | Ex. 8 PHB | |
| 14 | Ex. 9 PHB | |
| 15 | Ex. 11 PHB | |
| 16 | Ex. 12 PHB | |

---

[3] As to Plaintiff's position on transcripts, see *supra* n.1, Defendants disagree, including because these transcripts were previously sent to the Court. In any event, it has no bearing on the instant request to seal.

| Ex. | Document | Page(s) |
|---|---|---|
| 17 | Ex. 13 PHB | |
| 18 | Ex. 14 PHB | |
| 19 | Ex. 15 PHB | |
| 20 | Ex. 17 PHB | |
| 21 | Ex. 18 PHB | |
| 22 | Ex. 19 PHB | |
| 28 | Ex. 37 SHD | |
| 42 | Ex. 56 SHD | |
| 44 | Ex. 58 SHD | |
| 45 | Ex. 59 SHD | |
| 46 | Ex. 60 SHD | |
| 47 | Ex. 61 SHD | |
| 48 | Ex. 62 SHD | |
| 49 | Ex. 63 SHD | |
| 72 | Ex. 11 WD | |
| 73 | Ex. 12 WD | |
| 74 | Ex. 13 WD | |
| 75 | Ex. 14 WD | |
| 105 | DX-032 | |
| 107 | DX-034 | |
| 108 | DX-035 | |

D.  **Third Party Confidential And Proprietary Business Information**

   1.   **Redactions**

Jackpot.com requests that portions of the following documents indicated in teal blue highlighting be redacted, because they contain non-public business and financial information produced by non- party Big Fish Games and designated by Big Fish Games as Highly Confidential pursuant to the Protective Order entered in this case. *See* Dkt. 132 at 3-4.

| Ex. | Document | Page(s) |
|---|---|---|
| 153 | 2022.11.20 Defendants' Corrected Pre-Trial Brief | 18 |
| 154 | 2022.11.20 Defendants' 2nd Corrected Proposed Findings of Fact & Conclusions of Law | 6, 87 |
| 166 | 2022.11.16 Opposition to MIL | 14 |

\*   \*   \*

For the reasons set forth above, Jackpot.com respectfully requests that the Court grant Jackpot.com leave to: (1) file redacted versions of the documents set forth above in sections II.A.1, II.B.1, II.C.1, and II.D.1; and (2) file entirely under seal the documents set forth above in sections II.A.2 and II.B.2.

The Honorable Lewis J. Liman
Page 13

Respectfully submitted,

/s/Douglas A. Rettew
Douglas A. Rettew (*pro hac vice*)
Mary Kate Brennan
Patrick Rogers (*pro hac vice*)
Troy Viger (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
doug.rettew@finnegan.com
marykate.brennan@finnegan.com
patrick.rogers@finnegan.com
troy.viger@finnegan.com

*Attorneys for Plaintiff
Jackpocket, Inc.*

/s/Rachel E. Epstein
Rachel E. Epstein
Carey R. Ramos
Todd Anten
Dylan I. Scher
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100
rachelepstein@quinnemanuel.com
careyramos@quinnemanuel.com
toddanten@quinnemanuel.com
dylanscher@quinnemanuel.com

*Attorneys for Defendants Lottomatrix NY LLC;
Lottomatrix Corporation; Lottomatrix Operations
Limited d/b/a Jackpot.com; Lottomatrix Malta
Limited; and 99Dynamics Limited*

**Appendix A**

| Table A - The Parties' Joint Pretrial Order and Court hearing transcripts | | |
|---|---|---|
| Ex. No. | Document Description | Seeking to seal entirely? |
| 1 | Ex. 2 JPO - Defendants' Deposition Designations | |
| 2 | Ex. 3 JPO - Plaintiff's Trial Exhibit List | |
| 3 | Ex. 4 JPO - Defendants' Trial Exhibit List | |
| 4 | 10/11 Preliminary Injunction Hearing Transcript | |
| 5 | 10/12 Preliminary Injunction Hearing Transcript | |
| 6 | 11/17 Bench Trial Transcript | |

| Table B - Documents Submitted by Plaintiff | | |
|---|---|---|
| Ex. No. | Document Description | Seeking to seal entirely? |
| 7 | Plaintiff's Pre-Hearing Brief ("PHB") | |
| 8 | Ex. 1 PHB | |
| 9 | Ex. 2 PHB | Yes (Defendants) |
| 10 | Intentionally Left Blank | |
| 11 | Ex. 6 PHB | |
| 12 | Ex. 7 PHB | |
| 13 | Ex. 8 PHB | |
| 14 | Ex. 9 PHB | |
| 15 | Ex. 11 PHB | |
| 16 | Ex. 12 PHB | |
| 17 | Ex. 13 PHB | |
| 18 | Ex. 14 PHB | |
| 19 | Ex. 15 PHB | |
| 20 | Ex. 17 PHB | |
| 21 | Ex. 18 PHB | |
| 22 | Ex. 19 PHB | |
| 23 | 2022.10.09 Peter Sullivan Hearing Declaration ("SHD") | |
| 24 | Ex. 2 SHD | Yes (Plaintiff) |
| 25 | Ex. 3 SHD | Yes (Plaintiff) |
| 26 | Ex. 4 SHD | Yes (Plaintiff) |
| 27 | Ex. 36 SHD | |
| 28 | Ex. 37 SHD | |
| 29 | Ex. 40 SHD | Yes (Plaintiff) |
| 30 | Intentionally Left Blank | |
| 31 | Ex. 42 SHD | Yes (Plaintiff) |
| 32 | Intentionally Left Blank | |
| 33 | Intentionally Left Blank | |
| 34 | Intentionally Left Blank | |

The Honorable Lewis J. Liman
Page 15

| 35 | Ex. 46 SHD | Yes (Plaintiff) |
|---|---|---|
| 36 | Ex. 47 SHD | |
| 37 | Ex. 48 SHD | |
| 38 | Intentionally Left Blank | |
| 39 | Intentionally Left Blank | |
| 40 | Intentionally Left Blank | |
| 41 | Ex. 55 SHD | Yes (Plaintiff) |
| 42 | Ex. 56 SHD | |
| 43 | Ex. 57 SHD | |
| 44 | Ex. 58 SHD | |
| 45 | Ex. 59 SHD | |
| 46 | Ex. 60 SHD | |
| 47 | Ex. 61 SHD | |
| 48 | Ex. 62 SHD | |
| 49 | Ex. 63 SHD | |
| 50 | Ex. 64 SHD | Yes (Defendants) |
| 51 | YR-2 | |
| 52 | YR-13 | |
| 53 | YR-25 | |
| 54 | YR-26 | |
| 55 | YR-27 | |
| 56 | YR-28 | |
| 57 | YR-29 | |
| 58 | YR-30 | |
| 59 | YR-31 | |
| 60 | YR-32 | |
| 61 | YR-33 | |
| 62 | YR-34 | |
| 63 | YR-35 | |
| 64 | 2022.11.14 Plaintiff's Pre-Trial Memorandum | |
| 65 | 2022.11.14 Plaintiff's Proposed Findings of Fact & Conclusions of Law | |
| 66 | 2022.11.06 Wong Declaration ("WD") | |
| 67 | Ex. 2 WD | Yes (Plaintiff) |
| 68 | Ex. 3 WD | Yes (Plaintiff) |
| 69 | Ex. 4 WD | Yes (Plaintiff) |
| 70 | Ex. 9 WD | Yes (Plaintiff) |
| 71 | Ex. 10 WD | Yes (Plaintiff) |
| 72 | Ex. 11 WD | |
| 73 | Ex. 12 WD | |
| 74 | Ex. 13 WD | |
| 75 | Ex. 14 WD | |

The Honorable Lewis J. Liman
Page 16

| Ex. No. | Document Description | Seeking to seal entirely? |
|---|---|---|
| 76 | 2022.11.03 Expert Report of Jeff Anderson ("Anderson") | |
| 77 | Ex. 2 Anderson | Yes (Plaintiff) |
| 78 | Ex. 3 Anderson | |
| 79 | Ex. 4 Anderson | |
| 80 | Ex. 10 Anderson | Yes (Plaintiff) |
| 81 | Ex. 11 Anderson | Yes (Plaintiff) |
| 82 | 2022.11.08 Anderson Rebuttal Report ("Anderson R") | |
| 83 | Ex. 2 Anderson R | Yes (Plaintiff) |
| 84 | Ex. 3 Anderson R | |
| 85 | Ex. 4 Anderson R | |
| 86 | Ex. 10 Anderson R | Yes (Plaintiff) |
| 87 | Ex. 11 Anderson R | Yes (Plaintiff) |
| 88 | Ex. 12 Anderson R | |
| 89 | Ex. 13 Anderson R | Yes (Plaintiff) |
| 90 | Ex. 14 Anderson R | Yes (Plaintiff) |
| 91 | 2022.11.08 Expert Report of Michael Pollock | |
| 92 | 2022.11.04 Plaintiff's Designations of the Deposition of Sean Siuda | |
| 93 | 2022.11.07 Plaintiff's Designations of the Deposition of Michelle Wong | |

| Table C - Documents Submitted by Defendants |||
|---|---|---|
| Ex. No. | Document Description | Seeking to seal entirely? |
| 94 | 2022.10.09 Defendants' Pre-Hearing Brief | |
| 95 | 2022.10.09 Defendants' PI Hearing Exhibit List | |
| 96 | DX-013 | |
| 97 | DX-014 | |
| 98 | DX-015 | Yes (Defendants) |
| 99 | DX-016 | |
| 100 | DX-019 | Yes (Plaintiff) |
| 101 | Intentionally Left Blank | |
| 102 | DX-024 | |
| 103 | DX-025 | Yes (Plaintiff) |
| 104 | DX-029 | |
| 105 | DX-032 | |
| 106 | DX-033 | Yes (Plaintiff) |
| 107 | DX-034 | |
| 108 | DX-035 | |
| 109 | DX-040 | |
| 110 | DX-041 | |
| 111 | DX-042 | |

The Honorable Lewis J. Liman
Page 17

| 112 | DX-043 | Yes (Plaintiff) |
|---|---|---|
| 113 | DX-052 | |
| 114 | DX-053 | |
| 115 | DX-055 | |
| 116 | DX-056 | |
| 117 | DX-058 | Yes (Plaintiff) |
| 118 | DX-059 | Yes (Plaintiff) |
| 119 | DX-060 | |
| 120 | DX-064 | |
| 121 | DX-067 | |
| 122 | DX-068 | |
| 123 | DX-069 | |
| 124 | DX-072 | Yes (Plaintiff) |
| 125 | DX-073 | |
| 126 | DX-074 | |
| 127 | DX-075 | |
| 128 | DX-077 | |
| 129 | Intentionally Left Blank | |
| 130 | DX-087 | Yes (Plaintiff) |
| 131 | DX-088 | Yes (Plaintiff) |
| 132 | DX-089 | Yes (Plaintiff) |
| 133 | DX-090 | Yes (Plaintiff) |
| 134 | DX-091 | |
| 135 | DX-092 | |
| 136 | DX-093 | Yes (Plaintiff) |
| 137 | DX-094 | Yes (Plaintiff) |
| 138 | DX-095 | |
| 139 | DX-123 | |
| 140 | DX-124 | |
| 141 | DX-125 | |
| 142 | DX-126 | |
| 143 | DX-127 | |
| 144 | DX-130 | |
| 145 | DX-131 | |
| 146 | DX-132 | |
| 147 | DX-133 | |
| 148 | DX-137 | Yes (Plaintiff) |
| 149 | DX-169 | |
| 150 | DX-175 | |
| 151 | Ex. F, Scher Declaration | |

The Honorable Lewis J. Liman
Page 18

| | | |
|---|---|---|
| **152** | 2022.10.09 Direct Testimony Declaration of Yariv Ron | |
| **153** | 2022.11.20 Defendants' Corrected Pre-Trial Brief | |
| **154** | 2022.11.20 Defendants' 2nd Corrected Proposed Findings of Fact & Conclusions of Law | |
| **155** | 2022.11.14 Supplemental Trial Declaration of Yariv Ron | |
| **156** | 2022.11.03 Hanson Expert Report ("Hanson") | |
| **157** | Ex. D Hanson | |
| **158** | 2022.11.03 Wyman Report | |
| **159** | 2022.11.08 Hanson Rebuttal Report ("Hanson R") | |
| **160** | Ex. D Hanson R | |
| **161** | 2022.10.06 Defendants' Designations of the Deposition of Michael Barone | |
| **162** | 2022.10.03 Defendants' Designations of the Deposition of Yariv Ron | |
| **163** | 2022.11.04 Defendants' Designations of the Deposition of Sean Siuda | |
| **164** | 2022.09.30 Defendants' Designations of the Deposition of Peter Sullivan | |
| **165** | 2022.11.07 Defendants' Designations of the Deposition of Michelle Wong | |
| **166** | 2022.11.16 Opposition to MIL | |