# FINNEGAN
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**DOUGLAS A. RETTEW**
202-408-4146
douglas.rettew@finnegan.com

September 7, 2023

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Jackpocket, Inc. v. Lottomatrix NY LLC, et al.*, 22-cv-05772-LJL
       Letter Motion to Seal

Dear Judge Liman:

  Pursuant to Rule 2(H) and Attachment B of Your Honor's Individual Practices in Civil Cases, Jackpocket submits this letter regarding its request to seal certain trial exhibits of record for this case that have not been filed on ECF.

  The purpose of this request is so that Jackpocket may include certain trial exhibits that were inadvertently omitted form the parties' previous Joint Motion to Seal (Dkts. 213-214) in a confidential Joint Appendix in connection with Jackpocket's pending appeal (No. 23-0012).  *See* https://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/civil_case/documents_under_s eal.html ("A paper that has been sealed in the district court will remain under seal in the Court of Appeals if received as part of the record.").

  For ease of reference, Jackpocket prepared an index of the trial exhibits filed with this motion attached as **Appendix A**, which provides the trial exhibit number and corresponds each to an exhibit number (from 1 to 10).  The exhibits are highlighted, with Jackpocket's proposed redactions in yellow.  Instances where Jackpocket seeks to seal a document in its entirety are noted in **Appendix A**.

  Defendants do not take any position on Jackpocket's request to seal.

## I. Jackpocket's Request to Seal

  Jackpocket respectfully requests a narrow order sealing the trial exhibits listed below because they contain Jackpocket's specific confidential business information.

  While a strong presumption of access exists, "[a] court must 'balance competing considerations against it,'" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The Honorable Lewis J. Liman
Page 2

Regarding Jackpocket's request to seal its confidential business information, courts routinely seal this type of information. *See, e.g.*, *Girl Scouts of U.S. of Am. v. Boy Scouts of Am.*, No. 18-cv-10287, 2021 WL 76293, at *2 (S.D.N.Y. Jan. 8, 2021) (granting motion to seal information regarding "market intelligence, marketing strategy, advertising expenditures, communications strategy, and business strategy"); *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal "[a]fter considering the presumption of public access to judicial documents against the privacy interests of the proprietary and confidential materials submitted . . . [and] sealed pursuant to the protective order"); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "[plaintiff's] (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents because they contained, among other things "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products" and "engineering and business trade secrets which could be used adversely by competitors"). "[B]usiness information that might harm a litigant's competitive standing" may also outweigh the presumption of public access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). *See also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (sealing of confidential business information affirmed where "[d]isclosure could cause . . . significant competitive disadvantage").

Jackpocket therefore respectfully requests that the following trial exhibits (identified by exhibit number from **Appendix A**) be sealed because they pertain to Jackpocket's highly sensitive and confidential business information, which Jackpocket takes steps to keep private and confidential, and the disclosure of which would place Jackpocket at a competitive disadvantage if used by competitors and/or business partners to gain leverage against Jackpocket. *Girl Scouts of U.S. of Am.*, 2021 WL 76293, at *2 (sealing "confidential business strategy information"); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 614 (S.D.N.Y 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Jackpocket's request is consistent with the Court's prior December 7, 2022 Opinion & Order and December 15, 2022 Memorandum & Order permitting the redaction of "specific business, marketing and financial information." (Dkt. 132 at 4–5) (finding that the Court will redact "Plaintiff's business, financial, and marketing information"). *See also* Dkts. 125, 131.

For the reasons set forth above, Jackpocket respectfully requests that the Court grant its narrowly tailored part of the joint motion to seal.

The Honorable Lewis J. Liman
Page 3

Respectfully submitted,

/s/Douglas A. Rettew

Douglas A. Rettew (*pro hac vice*)
Naresh Kilaru
Patrick Rogers (*pro hac vice*)
Troy Viger (*pro hac vice*)
**FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
doug.rettew@finnegan.com
naresh.kilaru@finnegan.com
patrick.rogers@finnegan.com
troy.viger@finnegan.com

*Attorneys for Plaintiff
Jackpocket, Inc.*

The motion to seal certain trial exhibits is granted substantially for the reasons stated by Plaintiff.  The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 216 and 217.

The Court previously granted Plaintiff's motion to seal at Dkt. No. 214.  *See* Dkt. No. 215.  The Clerk of Court directed to close Dkt. No. 214.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

9/8/2023

The Honorable Lewis J. Liman
Page 4

## Appendix A

| Ex. | Document | Seeking to seal entirely? |
|---|---|---|
| 1 | DX-292 | No |
| 2 | DX-299 | No |
| 3 | DX-302 | No |
| 4 | DX-314 | No |
| 5 | DX-315 | No |
| 6 | DX-325 | Yes |
| 7 | DX-326 | Yes |
| 8 | DX-329 | Yes |
| 9 | DX-346 | No |
| 10 | DX-352 | Yes |